John Gliebe, Sr. v. Commissioner.
Gliebe v. Commissioner
Docket No. 35554.
United States Tax Court
1952 Tax Ct. Memo LEXIS 118; 11 T.C.M. (CCH) 791; T.C.M. (RIA) 52233; July 31, 1952
*118 On the basis of the facts presented, held, that petitioner has not established the existence of a bona fide partnership between him and his two sons during the period January 1 to April 30, 1946. Morris M. Cahen, C.P.A., 18 East 41st St., New York, N. Y., and Abram Friedman, Esq., for the petitioner. George E. Grimball, Jr., Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax in the amount of $6,924.08 against the petitioner for the year 1946. Two issues were raised by the pleadings. One of these concerns a claimed deduction for interest which was disallowed by the respondent. Petitioner introduced no evidence at the hearing and made no argument on brief with respect to this issue and his counsel orally stated at the hearing that this issue was conceded. Accordingly, we hold that the respondent did not err in denying the deduction for interest in the amount set out in the deficiency notice. The other issue raised by the pleadings, which is the sole issue for decision here, is the question whether during the period January 1 through April 30, 1946, there existed between the petitioner *119 and his two sons a bona fide partnership. Respondent does not challenge the validity of the partnership during the remainder of the year. Findings of Fact Petitioner resides in Brooklyn, New York. He filed his income tax return for the calendar year 1946 with the collector of internal revenue for the first district of New York. During the taxable year in question and for some years prior thereto petitioner had been engaged in the business of manufacturing and selling fishing tackle and other related items. Since they were boys, the petitioner's two sons, John E. Gliebe, Jr., who was approximately 34 years of age in 1946, and Francis J. Gliebe, who was approximately 24 years of age in that year, assisted their father in the operation of his business. Ever since he reached the age of 22 years, John E. Gliebe, Jr., assumed certain responsibilities in the management of his father's business and was in charge of retail sales. Francis J. Gliebe was in the military service during the year 1944 and through the middle of 1945. After he was discharged he immediately became active in the management of the business and devoted his efforts principally to the manufacture of the various items *120 which the petitioner sold. In the latter part of 1945 petitioner and his two sons discussed the prospect of forming a partnership, the business having been run previously as a sole proprietorship. The parties reached an understanding that a partnership should be formed and set as the effective date January 1, 1946. Petitioner's attorney explained to him that he would have to conform to certain requirements of New York State law with respect to the formation of the partnership and he requested petitioner to sign a formal partnership agreement. Petitioner steadfastly and stubbornly refused to take any such steps in the formation of the proposed partnership and it was not until after petitioner's son, John Gliebe, Jr., had left his father's business in protest during the early part of 1946 that petitioner finally consented to enter into a formal partnership agreement. This agreement, dated May 1, 1946, provided, among other things, that the three partners, petitioner and his two sons, should share profits and losses equally, that the name of the business previously known as John Gliebe should be known as John Gliebe Company, and that the division of the profits and losses agreed upon *121 should be retroactive to all profits and losses since January 1, 1946. It also provided that books of account should be kept, that all salaries received by the two sons from January 1, 1946 to May 1, 1946, should be charged as an expense to the operations of the business, and that from May 1, 1946 on, all drawings of the sons should be charged against their accounts. The partnership agreement contained no provisions with respect to capital contributions. The assets of the partnership were those which the petitioner had employed in his sole proprietorship and no capital was invested by either of the two sons. Prior to May 1, 1946, there was no bona fide intent on the part of the petitioner to join with his two sons as a partner in the operation of the business of manufacturing and selling fishing tackle and similar items. Opinion HILL, Judge: The sole issue presented for decision concerns the question whether or not during the period January 1 through April 30, 1946, there was a bona fide partnership between the petitioner and his two sons. The issue raises a question of fact whether the parties really and truly intended to join together as partners during the period in question. *122 . We have given careful consideration to all the evidence presented and we believe it is insufficient to prove that petitioner really and truly intended to join with his two sons in the conduct of the business as a partnership prior to May 1, 1946. While the parties did agree, in the latter part of 1945, to form such a partnership as of January 1, 1946, the evidence fails to indicate that the petitioner thereafter ever intended to carry out this agreement and it was not until one of his sons left the business in protest that he finally entered into the partnership agreement. The evidence also fails to indicate that on January 1, the focal date, any change in the conduct of the business was, in fact, made. Our findings of fact that prior to May 1, 1946, there was no bona fide intent on the part of the petitioner to join with his two sons in the conduct of the business as a partnership is dispositive of the issue before us. Decision will be entered for the respondent.